PUBLIC SERVICE COMMISSION, SECOND DISTRICT, Petitioner, *v.* INTERNATIONAL RAILWAY COMPANY, Defendant.

(Supreme Court, Albany Special Term, February, 1919.)

Mandamus — when writ of, may issue — motion to compel obedience to order of public service commission granted — railroads — appeal — Public Service Commissions Law, § 57.

After the unanimous affirmance of an order of the public service commission made in 1913, directing the defendant railroad company to install an interlocking device to control and regulate the crossing of its tracks over the tracks of two other railroad companies at a designated point and that the expense of the construction, installation, maintenance and operation of said interlocker should be borne exclusively by defendant, the Appellate Division denied a motion for leave to go to the Court of Appeals and that court in 1918 made an order denying defendant's application to appeal from said order of affirmance. On motion for a writ of mandamus under section 57, Public Service Commissions Law, to compel obedience to the order of the public service commission it appeared that defendant had already paid the cost of the installation of an interlocker covering the tracks of one of the other railroad companies, but never having been operated because a danger not contemplated had developed at installation, that interlocker was allowed to deteriorate and is now useless. By reason of the increased cost of labor and material the installation now required by said order of the public service commission will represent more than thrice the cost of the other interlocker. *Held,* upon granting an order directing the issuance of the writ, that the unjustifiable delay between the entry of the order of the public service commission and the order of the Court of Appeals was largely, if not altogether, the fault of the defendant.

APPLICATION for a writ of mandamus.

Ledyard P. Hale, for petitioner.

Penney, Killeen & Nye (James C. Sweeney, of counsel), for defendant.

Rudd, J.   This proceeding is had under section 57 of the Public Service Commissions Law.

Upon the petition of the public service commission an order to show cause was issued under which the defendant files an answer admitting certain allegations of the petition and setting up affirmative defenses.

The facts, briefly stated, are these: In January, 1913, the public service commission, second district, made an order directing the International Railway Company to install in Union road, in the town of Cheektowaga, an interlocking device which shall control and regulate the crossing of its tracks over the tracks of the Lehigh Valley Railroad Company and the tracks of the Erie Railroad Company; that the expense of constructing, installing, maintaining and operating the interlocker shall be borne and paid by the said International Railway Company.

In the opinion of the commission, written by Chairman Stevens, there was set forth among others the following conclusion: " We conclude, that under all of the circumstances of the case the interlocker which has been erected should be extended so as to take in the Erie crossing; and that the expense of installation, maintenance and operation should be borne exclusively by the International."

The order was, as we understand it, in effect the extension of an interlocking system to include the Erie Railroad Company's tracks in addition to the Lehigh Valley tracks covered by an interlocker already installed.

A review of such determination by certiorari was had before the Appellate Division and the order of the public service commission was unanimously affirmed.  180 App. Div. 773.

An order of the Appellate Division denying leave to

go to the Court of Appeals was made (184 App. Div. 920), and in January, 1918, an order was made by the Court of Appeals denying the application of the International Railway Company for leave to appeal from the order of affirmance of the Appellate Division.

Upon this hearing all statements contained in the appeal book in the certiorari proceeding had to review the determination of the public service commission are here considered to be facts, but they are not here for review by this court.

Under the petition and answer served by the International Railway Company this court is called upon to say whether a mandamus should issue to compel the International Railway Company to carry out the order of the public service commission which stands affirmed after review by the Appellate Division.

It appears that under an agreement the Lehigh Valley railroad in the year 1909 caused an interlocker to be constructed at an expense of about $5,000, and that this sum was paid by the International. The device installed was found to be, by an inspector representing the commission, dangerous, because the operation of the interlocker would result in derailing the International cars upon the tracks of the Erie railroad, which ran parallel to the Lehigh Valley railroad tracks, sixty-nine feet away. For that reason the interlocker was never operated.

The order of the public service commission, above referred to, which is here sought to be enforced, was made in a proceeding brought by the Lehigh Valley Railroad Company against the International to require the International to extend the interlocker over the Erie tracks.

The defendant opposes the application of the public service commission now made upon these grounds:

*First.* Because it would compel the defendant to

expend $17,000 to replace the interlocker already installed, for which interlocker the International has already paid $5,000.

*Second.* That assuming that the International Railway Company has failed to comply with the order of the commission, it should not now be forced to such compliance because it is financially unable.

The situation is embarrassing. The International has already paid, under an agreement, the cost of the installation of an interlocker covering the tracks of the Lehigh. Upon such installation there developed a danger evidently not contemplated. The interlocker installed has never been operated and has been allowed to deteriorate and is today useless.

The installation now required, covering the tracks not only of the Lehigh but the Erie, will represent principally, because of increased cost of material and labor, an expenditure of more than three times the cost of the interlocker installed.

There has been unjustifiable delay, five years elapsing between the entry of the order of the public service commission and the making of the order of the Court of Appeals denying further review after an unanimous affirmance by the Appellate Division.

The defendant charges part of that delay to the public service commission.

It seems as if it was largely, if not altogether, a delay on the part of the defendant. A final determination could easily have been reached in less than a year.

This delay is material, because it has brought about a condition not anticipated, but which faces the company involved, for the reason that such a situation presents itself through which the International is enabled to present to the court the two particular defenses set up as against the petition herein, namely, the

largely increased cost of installation and the financial inability of the company to pay any sum at this time for the construction of an interlocker.

We cannot review the determination of the public service commission; it stands, the order has been made and upon review it has been approved. Shall we say, because the order has not been obeyed, and during the time elapsing between the order and the present day the company finds itself financially embarrassed, that therefore, forgetting the real basis of the order of the commission, which was the protection of the public and the railroad employees, the International is excused from compliance with the order, and that this court must assume the responsibility of saying in effect that there shall be no interlocking device protecting the tracks of the Lehigh and Erie railroads?

This is only one of many situations confronting and surrounding us in these days.

To deny the application would be to vacate the order of the public service commission. To direct a compliance with the order works a financial hardship.

The final judgment which this court must grant under section 57 of the Public Service Commissions Law is either a dismissal of the proceeding or the granting of an order directing the issuance of a writ of mandamus or injunction to carry out the terms of the order in its original or modified form. We are not justified certainly in modifying the order and we cannot see our way to direct that the order should be disregarded.

The petition is granted. An order may be entered directing the issuance of a writ of mandamus, with costs.

Ordered accordingly.